031710fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JIMMY LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09-56 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability benefits. Briefing concluded on December 10, 2009. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of May 27, 2004, plaintiff alleges disability due to multiple impairments including chronic lumbar stenosis, chronic left piriformis syndrome, and depression. He asserts that the Administrative Law Judge (ALJ) erred in omitting limitations from his residual functional capacity, failed to consider all of his medically determinable impairments, and relied upon an insufficient hypothetical question posed to a vocational expert. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

1

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review, the court finds that the ALJ appropriately considered plaintiff's limitations, and permissibly discounted the conclusions of treating physician Andersen for the reasons set forth in the decision, including inconsistencies between Dr. Andersen's views and the evaluation of the Orthopedic Department at the University of Iowa Hospitals and Clinics (UIHC), as detailed by the ALJ. T. 72-73. The ALJ further permissibly considered treating physician McMains' observations, including that plaintiff promptly showed substantial improvement with an exercise and conditioning program, and Dr. McMains' opinion that there was a high expectation plaintiff would continue to show substantial improvement and return to light or medium exertional work, subject to his cooperation. T. 71. The ALJ properly considered a longitudinal assessment of the records, noting observations as to complaints far exceeding diagnostic limitations, plaintiff's admitted lack of compliance with the direction of previous physicians to exercise, and dramatic pain behavior throughout the orthopedic evaluation at the UIHC. Additionally, the ALJ properly considered mental functioning, permissibly noted inconsistencies within the views of treating psychologist Dr. Eggerman, inconsistencies between the views of Dr. Eggerman and Dr. McMains, and inconsistencies between Dr. Eggerman's views and a neuropsychological assessment at the UIHC.

While plaintiff urges that the ALJ failed to include chronic left piriformis in the findings as to severe impairments at step two of the evaluation, it is the court's view that

the ALJ appropriately considered the combined effect of all credible impairments. The ALJ properly included all limitations found credible in the hypothetical question posed to the vocational expert, supporting the ALJ's conclusion that plaintiff can perform substantial gainful activity.

Upon the foregoing, and without minimizing the seriousness of plaintiff's condition, the court concludes the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

March 18, 2010.

                        Edward J. McManus, Judge
                        UNITED STATES DISTRICT COURT